IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 3:06cr199-WHB-LRA

WILSON ELLIS

OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to Dismiss for Prejudicial Pre-indictment Delay, Violations of the Sixth Amendment, Violations of the Speedy Trial Act, and Under Federal Rule of Criminal Procedure 48(b)(3) ("Motion to Dismiss"). The Court has considered the Motion and its Attachment, Response, and supporting and opposing authorities and finds that the Motion, as asserted under the Speedy Trial Act and Rule 48(b)(3) of the Federal Rules of Criminal Procedure is not well taken and should be denied.  The Court additionally finds that the Motion, as asserted under the Sixth Amendment of the United States Constitution should be carried to trial.

I.  Factual Background and Procedural History

The Government alleges that between January 1999, and December of 2002, Defendant, Wilson N. Ellis ("Defendant"), devised a scheme to defraud Medicare.  The alleged scheme was implemented, in part, by Defendant's establishing health care clinics in Flowood,

Mississippi, and Hattiesburg, Mississippi, which provided chelation therapy. The Government alleges that instead of billing services rendered at the clinics using the appropriate CPT/HCPCS Code Numbers for chelation therapy (M0300 and/or J0600 and/or J3520), which would not have been paid by Medicare, Defendant used, or caused to be used the CPT/HCPCS Code Numbers for intravenous infusion treatment (90780 and 90781) that were paid by Medicare. The Government contends that by misrepresenting the services provided – i.e. by using inappropriate billing codes – Defendant caused Medicare to pay claims in excess of $100,000 for chelation therapy that it would not have otherwise paid.

On March 17, 2004, Defendant was indicted on one count of health care fraud in violation of 18 U.S.C. § 1347, and nine counts of false statements relating to health care matters in violation of 18 U.S.C. § 1035. Count One of the Indictment, the charge of health care fraud, was predicated on Defendant's alleged involvement in the scheme to defraud Medicare. Counts Two through Nine, the charges of false statements relating to health care matters, were predicated on nine specific claims submitted by Defendant to Medicare seeking reimbursement for treatment provided between December 3 and December 12, 2001. The Indictment was docketed as Criminal No. 3:04cr59, as was assigned to The Honorable Tom S. Lee.

Defendant was arraigned on April 26, 2004, and on that same date an Order Regarding Discovery was entered by which, *inter alia*, a period of thirty days from the date of the Order was excluded from the speedy trial period in accordance with 18 U.S.C. § 3161(h)(1)(F).  See Criminal No. 3:04cr59 [Docket No. 6], at ¶ 6. The case was set for trial on June 7, 2004.  Id. [Docket No. 7].

On May 28, 2004, Defendant filed a Motion for Continuance, which was granted on June 1, 2004, and the trial was continued to the September 2004 term of Court.  Id. [Docket Nos. 12 and 13].  On August 25, 2004, Defendant again filed a Motion for Continuance, which was granted on August 26, 2004, and the trial was continued to December 6, 2004.  Id. [Docket Nos. 15 and 16].  On November 18, 2004, Defendant filed his third Motion for Continuance, which was granted on November 19, 2004, and the trial was continued to March 7, 2005.  Id. [Docket Nos. 17 and 18].  On February 24, 2005, Defendant filed a Motion to Suppress Statements and Evidence.  Id. [Docket No. 25].  Judge Lee held a hearing on the Motion to Suppress on March 14, 2005, and the trial was continued to June 6, 2005.  Id. [Minute Entry dated March 14, 2005].  On May 20, 2005, Judge Lee granted the *ore tenus* Motions for Continuance by Defendant and the Government, and continued the trial until the September 2005 term of Court.  Id. [Docket No. 27].  On September 8, 2005, Defendant filed an Unopposed Motion to Continue Trial Date Due to Unavailability of Witnesses, which was granted on September

3

8, 2005, and the trial was continued to the December 2005 term of Court.  Id. [Docket Nos. 29 and 30].  On December 21, 2005, the Indictment was dismissed, without prejudice, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.  Id. [Docket No. 45].

On November 20, 2006, Defendant was re-indicted on one count of health care fraud in violation of 18 U.S.C. § 1347, and twenty-four counts of false statements relating to health care matters in violation of 18 U.S.C. § 1305.  The charge of health care fraud is predicated on the same alleged scheme to defraud Medicare that was the basis for the same charge in the first Indictment.  The charges of false statements relating to health care matters are predicated on twenty-four allegedly false claims for payment submitted to Medicare by Defendant for treatment provided to Patients A through G.  The second Indictment was docketed as Criminal No. 3:06cr199, and is currently pending before this Court.  Defendant was arraigned on November 27, 2006, and on that same date an Order Regarding Discovery was entered by which, *inter alia*, a period of thirty days from the date of the Order was excluded from the speedy trial period in accordance with 18 U.S.C. § 3161(h)(1)(F).  See Criminal No. 3:06cr199 [Docket No. 6], at ¶ 6.

Defendant now moves for dismissal of the second Indictment alleging violations of the Speedy Trial Act, violations of the Sixth Amendment to the United States Constitution, and pursuant to Rule 48(b)(3) of the Federal Rules of Criminal Procedure.

4

## II.  Legal Analysis

## A.  Were Defendant's Rights Under the Speedy Trial Act Violated?

A violation of the Speedy Trial Act ("Act") occurs if a criminal defendant's trial does not begin within seventy days, less excludable time, of the filing of the indictment or the date of arraignment, whichever last occurs. See United States v. Welborn, 849 F.2d 980, 986 (5th Cir. 1988) (citing 18 U.S.C. § 3161(c) & (h)). Defendant argues that the seventy days provided by the Act expired during the pendency of the first Indictment because Judge Lee failed to make specific factual findings regarding whether the "ends of justice" required the continuance of his criminal trial. In support of this argument Defendant cites 18 U.S.C. § 3161(h)(8), which provides, in relevant part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> ....
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B)  The  factors,  among  others,  which  a  judge  shall
consider  in  determining  whether  to  grant  a  continuance
under  subparagraph  (A)  of  this  paragraph  in  any  case  are
as  follows:

(i)  Whether  the  failure  to  grant  such  a  continuance  in
the  proceeding  would  be  likely  to  make  a  continuation  of
such  proceeding  impossible,  or  result  in  a  miscarriage  of
justice.

(ii)  Whether  the  case  is  so  unusual  or  so  complex,  due  to
the  number  of  defendants,  the  nature  of  the  prosecution,
or  the  existence  of  novel  questions  of  fact  or  law,  that
it  is  unreasonable  to  expect  adequate  preparation  for
pretrial  proceedings  or  for  the  trial  itself  within  the
time  limits  established  by  this  section.

....

(iv)  Whether  the  failure  to  grant  such  a  continuance  in
a  case  which,  taken  as  a  whole,  is  not  so  unusual  or  so
complex  as  to  fall  within  clause  (ii),  would  deny  the
defendant  reasonable  time  to  obtain  counsel,  would
unreasonably  deny  the  defendant  or  the  Government
continuity  of  counsel,  or  would  deny  counsel  for  the
defendant  or  the  attorney  for  the  Government  reasonable
time  necessary  for  effective  preparation,
taking  into  account  the  exercise  of  due  diligence.

18 U.S.C. § 3161 (h)(8).  Defendant also specifically references

the June 1, 2004, and August 25, 2004, Orders by which his first

two Motions for Continuance were granted by Judge Lee.   See

Criminal No. 3:04cr59 [Docket Nos. 13 and 16, respectively].

Defendant argues that "[I]f this Court were to find that the first

two continuances were not sufficient, it would have to conclude

that a violation of the Speedy Trial Act has occurred and the

pending indictment must be dismissed."  Motion to Dismiss, 5.

    The United States Court of Appeals for the Fifth Circuit has

recognized that a continuance may toll the speedy trial clock

provided the delay "outweigh[s] the best interest of the public and the defendant in a speedy trial." See United States v. Ortega-Mena, 949 F.2d 156, 159 (5th Cir. 1992) (quoting 18 U.S.C. § 3161(h)(8)(A)). "In granting such an 'ends of justice' continuance, a court must consider at least one of the factors specified by the [Speedy Trial] Act." Id. See also United States v. Blackwell, 12 F.3d 44, 46 (5th Cir. 1994) (finding that the "specific language in § 3161(h)(8)(A) states periods of delay are not excludable unless the court sets forth ends of justice findings either orally or in writing."). A trial court, however, is not required to make its findings in support of an "ends of justice" continuance contemporaneously with granting a motion seeking same. As explained by the Fifth Circuit:

> Rather than contemporaneous findings, Section 3161 merely requires that a district court enter on the record, at some point (presumably prior to trial), the necessary findings to support an ends-of-justice continuance. The only requirements for such an order are that the order memorializing the continuance indicate when the motion was granted, and that the reasons stated be and can be fairly understood as being those that actually motivated the court at the time it granted the continuance.

United States v. Bieganowski, 313 F.3d 264, 283 (5th Cir. 2002) (citations omitted). See also United States v. Rush, 738 F.2d 497, 507 (1st Cir. 1984) (finding that the purpose of Section 3161 is served "if the text of the order, taken together with more detailed subsequent statements, adequately explains the factual basis for the continuance under the relevant criteria.").

The Fifth Circuit has also found that "[a]lthough §
3161(h)(8)(A) requires an 'ends of justice analysis' reflected in
the record for every continuance granted, we explained in United
States v. Eakes [783 F.2d 499 (5th Cir. 1986)] that reversal is not
in order when the reasons for the continuance are patent." United
States v. Williams, 12 F.3d 452, 460 (5th Cir. 1994), abrogated on
other grounds, United States v. Wells, 519 U.S. 482 (1997).  This
includes cases in which the bases for granting the continuance were
those that were outlined in the party's motion.  Id.  See also
Rush, 738 F.2d at 507 (finding that "it is not necessary for the
court to articulate the basic facts [supporting continuance] where
they are obvious and set forth in a motion for a continuance.")
(citations omitted).

The June 1, 2004, Order by which Defendant's first Motion for
Continuance was granted by Judge Lee, provides, in relevant part:

> CAME ON TO BE HEARD this day the Defendant's Motion for
> Continuance of Criminal Case, and the Court, having been
> fully advised in the premises, finds that the Defendant's
> motion is meritorious, and further finds that the ends of
> justice would be best served by granting the requested
> continuance insofar as the defendant's and the public's
> interest in a speedy trial and public trial is concerned.
> The Court therefore finds that the Defendant's Motion
> should be, and it hereby is, granted.

See Criminal No. 3:04cr59 [Docket No. 13].  The Court finds that
this Order, on its face, does not include the necessary findings to
support an "ends of justice" continuance under 18 U.S.C. §
3161(h)(8).  This finding, however, is not dispositive as the

8

Court, in accordance with Fifth Circuit precedent, may also consider the underlying motion for continuance and any subsequent findings/orders related to the continuance.

In support of his first Motion for Continuance, Defendant cited the short period of time between the date on which he received court-appointed counsel and the scheduled motion deadlines. See Criminal No. 3:04cr59 [Docket No. 12]. The Court finds it is clear from the Motion that Defendant was requesting a continuance to permit his attorney "reasonable time necessary for effective preparation" of his case. See 18 U.S.C. § 3161(h)(8)(B)(iv). Additionally, in the August 26, 2004, Order of Continuance, by which Defendant's second Motion for Continuance was granted, Judge Lee made the following findings: (1) Defendant's attorney had previously moved to continue the original June 7, 2004, trial date, (2) "the parties were engaged in discovery procedures", (3) based on the nature of the evidence discovered, pre-trial hearings could be required and Defendant would need time to consult with his attorney "in light of this development", and (4) "the failure to grant [a] continuance would deny counsel for the defendant and for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Criminal No. 3:04cr59 [Docket No. 16]. The Court finds, based on the content of this Order, that Judge Lee made sufficient findings that the ends of justice were served by

granting both the first and second continuances requested by Defendant on May 24, 2004, and August 25, 2004, respectively.

Finally, on November 19, 2004, Judge Lee entered an Order of Continuance granting Defendant's third Motion for Continuance, which again referenced the prior continuances granted to Defendant and provided, in relevant part:

> That the parties are engaged in discovery procedures which may necessitate pre-trial hearings due to the nature of the evidence, and further, the discovery that has been completed between the parties is substantially voluminous in nature, requiring extensive personal involvement by and attorney communications with the defendant. It is anticipated that defendant will need additional time to consult with the attorneys appointed to represent him in light of these circumstances.
>
> The Court further finds that the period of delay resulting from a continuance granted for the reasons stated above serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial, the reasons that support this conclusion are as follows:
>
> (a) that the failure to grant such a continuance would deny counsel for the defendant and for the government the reasonable time necessary for effective preparation of the case, taking into account the exercise of due diligence.

Id. [Docket No. 18]. Based on the content of this Order, the Court again finds that Judge Lee made sufficient findings that the ends of justice were served by granting the requested continuances as the Order clearly references the complexity of the case and the need for additional time to allow for effective preparation, thereby implicating two of the factors in Section 3161(h)(8). See 18 U.S.C. § 3161(h)(8)(B)(ii) & (iv). Accordingly, the Court finds

10

that the Orders of Judge Lee by which Defendant's first and second motions for continuance were granted, which are the Orders Defendant challenges in his Motion to Dismiss now pending before this Court, do contain sufficient findings to satisfy the "ends of justice" requirement of Section 3161(h)(8) and, therefore, to toll the speedy trial clock.

The Court must next determine whether the seventy-day time period prescribed by the Act has expired. The record shows that Defendant's speedy trial clock began to run on April 26, 2004, the date on which he was arraigned on the first Indictment, and was then tolled for the next thirty days, until May 26, 2004, pursuant to Section 3161 b(h)(1)(F). See Criminal No. 3:04cr59 [Docket No. 6], Order Regarding Discovery, at ¶ 6. Five days from the speedy trial clock were spent between May 27, 2004, and June 1, 2004, the date on which the first "ends of justice" continuance was granted. Thereafter, Judge Lee entered several additional "ends of justice" continuances that continued to toll the speedy trial clock until the case was ultimately dismissed on December 21, 2005.[1] Accordingly, sixty-five days remained on Defendant's speedy trial clock when the first Indictment was dismissed.

Defendant was re-indicted on November 20, 2006. The time period between the dismissal of the first indictment and

---

[1]  The time period between March 7, 2005, and March 14, 2005, is excludable pursuant to 18 U.S.C. § 3161(h)(1)(F) as Defendant's Motion to Suppress Statements and Evidence was then pending.

Defendant's re-indictment is excludable time under the Act.  See 18 U.S.C. § 3161(h)(6).[2]  See also United States v. Mize, 820 F.2d 118, 121 (5th Cir. 1987) (finding that in cases in which "the government dismisses the indictment on its own motion, the delay between the dismissal and the filing of the subsequent indictment is excluded from the seventy-day period" prescribed by the Act under Section 3161(h)(6)); Welborn, 849 F.2d at 986.  Thus, Defendant's speedy trial clock resumed on November 20, 2006.  See United States v. Perez, 845 F.2d 100, 103-04 (5th Cir. 1988) (explaining that "[u]nder § 3161(h)(6), when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned.  The period

_____

[2]  Section 3161(h)(6) provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

....

(6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

It is obvious from a cursory review that the second Indictment against Defendant is based on the same offenses as were charged in the first Indictment.

<u>between the indictments</u> is excluded from speedy trial calculations, but the clock is not reset.") (citations omitted) (emphasis added).

After he was re-indicted, Defendant's speedy trial clock ran for seven days, until November 27, 2006, when it was stopped for thirty days in accordance with the Order Regarding Discovery that was entered by United States Magistrate Judge Linda R. Anderson. <u>See</u> [Docket No. 6].  The clock began again on December 28, 2006, and ran until January 25, 2007, the date on which Defendant filed the subject Motion to Dismiss.  <u>See</u> 18 U.S.C. § 3161(h)(1)(F) (excluding the delay from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.").  Accordingly, thirty-five days has expired for the purposes of the Act since the date on which Defendant was re-indicted.

The Court finds that Defendant's speedy trial clock has run for a total of forty days – five days during the pendency of the first Indictment, and thirty-five days during the pendency of the second Indictment.  As the total number of expired days is well below the seventy days prescribed by the Act, the Court finds that Defendant's Motion to Dismiss based on alleged violations of the Speedy Trial Act should be denied.

**B.  Was Defendant's Right to a Speedy Trial as Guaranteed by the Sixth Amendment to the United States Constitution Violated?**

Constitutional challenges under the speedy trial clause of the Sixth Amendment are resolved by examining the following four factors: "(i) the length of the delay; (ii) the reason for the delay; (iii) when the defendant asserted his right; and (iv) the prejudice to the defendant resulting from the delay."  United States v. Garcia, 995 F.2d 556, 560 (5th Cir. 1993)(citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).  The right to a speedy trial under the Sixth Amendment is designed to protect three interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize a defendant's anxiety and concern, and (3) to limit the possibility that a defendant's defense will be impaired.  United States v. Frye, 372 F.3d 729, 736 (5th Cir. 2004) (citing Barker, 407 U.S. at 532).  As explained by the Fifth Circuit: "Prejudice *vel non*, the last of the four [Barker] factors used for balancing and deciding whether [the right to a speedy trial has been violated], is to be evaluated in light of these interests.  Id.  (citing Barker, 407 U.S. at 532).

With regard to the first Barker factor, the length of delay, the thirty-five month delay between the filing of the first Indictment and the date on which trial was scheduled falls within the range of delay considered to be "presumptively prejudicial."  See United States v. Serna-Villarreal, 352 F.3d 225, 230 (5th Cir. 2003) (finding, as a general rule, that a one-year delay warrants

14

judicial examination of a Sixth Amendment speedy trial claim); United States v. Lucien, 61 F.3d 366, 371 (5th Cir. 1995) (same). Accordingly, the Court finds that the first Barker factor weighs in favor of Defendant. Further, as the length of delay is considered presumptively prejudicial, the Court must conduct a full Barker analysis in this case. See Frye, 372 F.3d at 736 (citing Doggett v. United States, 505 U.S. 647 (1992)).

With regard to the second Barker factor, the reason for the delay, the Court finds that both parties bear some responsibility. The record shows that Defendant was largely responsible for the twenty-one month post-indictment delay in the first criminal action based on his repeated requests for continuance of the trial in that case. See Robinson v. Whitley, 2 F.3d 562, 569 (5th Cir. 1993) (finding that the defendant was responsible for the delay based on the fact that he "repeatedly requested and was granted continuances of trial.") (citing Nelson v. Haggart 989 F.2d 847, 852 (5th Cir. 1993) (finding that a defendant "will not be heard to complain of a lapse of time attributable to continuances he sought and received from the trial court"); Davis v. Puckett, 857 F.2d 1035, 1041 (5th Cir. 1988).

In also appears, however, that the eleven-month period between the date on which the first Indictment was dismissed and the date on which Defendant was re-indicted is attributable to the Government. Although there appears to be some justification for

the delay, i.e. that the case was re-assigned to another Assistant
United States Attorney, the language of the indictment was amended
and "substantially augmented" to correct "perceived technical
deficiencies" in the first Indictment, and additional counts of
false statements relating to health care matters were charged, the
Court finds that the Government is responsible for some of the
delay in this case.  Accordingly, the Court finds that the second
Barker factor is neutral.

The third factor to be considered under Barker is the time at
which Defendant asserted his right to speedy trial.  The record
shows that Defendant did not assert his right to a speedy trial
until January of 2007.  The record additionally shows that
Defendant repeatedly waived his speedy trial rights in the multiple
motions for continuance he filed in the criminal action before
Judge Lee.  The Court finds that the amount of time that lapsed
between the date on which Defendant was first indicted (March 17,
2004) and the date on which he first asserted his right to a speedy
trial (January 25, 2007) "cuts against finding prejudice."  See
Frye, 372 F.3d at 739.  See also United States v. Litton, 722 F.2d
264, 271 (5th Cir. 1984) (emphasizing that a "failure to assert the
right will make it difficult for a defendant to prove that he was
denied a speedy trial."); United States v. Palmer, 537 F.2d 1287,
1288 (5th Cir. 1976) (finding that a defendant's silence regarding
his right to a speedy trial "works against him because it suggests

16

that any hardships he suffered were either minimal or caused by other factors."). Accordingly, the Court finds that this factor weighs in favor of the Government.

The Court, under the fourth <u>Barker</u> factor, must next consider the prejudice resulting to Defendant because of the delay. The thirty-five month delay in this case is insufficient to presume prejudice. <u>See</u> <u>Serna-Villarreal</u>, 352 F.3d at 232 (finding that the Fifth Circuit assumes prejudice only in cases in which the delay has lasted five years) (citations omitted). Accordingly, to find that Defendant's Sixth Amendment right to a speedy trial has been violated, the Court must find actual prejudice that is substantial. <u>United States v. Crouch</u>, 84 F.3d 1497, 1515 (5th Cir. 1996) (citations omitted). On this issue, the United States Supreme Court has commented:

> Before trial, of course, an estimate of the degree to which delay has impaired an adequate defense tends to be speculative.... The essence of a defendant's Sixth Amendment claim in the usual case is that the passage of time has frustrated his ability to establish his innocence of the crime charged. Normally, it is only after trial that that claim may fairly be assessed.

<u>United States v. MacDonald</u>, 435 U.S. 850, 858-60 (1978) (alteration in original) (citation omitted). Likewise, the Fifth Circuit has indicated:

> [I]n all but the very clearest and most compelling cases, the district court, rather than grant such a motion prior to trial, should carry it with the case, and make the determination of whether actual, substantial prejudice resulted from the improper delay in light of what actually transpired at trial.

<u>Crouch</u>, 84 F.3d at 1516.

17

The Court finds that the allegations in Defendant's motion do not rise to the requisite level of actual and substantial prejudice necessary to support dismissal of the second Indictment.   In accordance with Fifth Circuit precedent, the Court finds that the most prudent course of action would be to delay ruling on Defendant's Motion to Dismiss based on alleged violations of the Sixth Amendment, and carry this Motion with the case.

## C. Dismissal Under Federal Rule of Criminal Procedure 48(b)

Defendant also argues that dismissal of the second Indictment is warranted under Rule 48(b)(3) of the Federal Rules of Criminal Procedure.   Under this Rule, a "court may dismiss an indictment, information, or complaint if unnecessary delay occurs in ... bringing a defendant to trial."   The Fifth Circuit has held that "Rule 48(b) does not require dismissal absent a Sixth Amendment violation." Garcia, 995 F.2d at 560 n.8 (citing United States v. Hill, 622 F.2d 900, 908 (5th Cir. 1980)).   As the Court has not found a violation of Defendant's Sixth Amendment rights in this case, the Court finds that his Motion to Dismiss pursuant to Rule 48(b) should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Prejudicial Pre-indictment Delay, Violations of the Sixth

18

Amendment, Violations of the Speedy Trial Act and Under Federal Rule of Criminal Procedure 48(b)(3) [Docket No. 11] is hereby denied as asserted under the Speedy Trial Act and Rule 48(b)(3) of the Federal Rules of Criminal Procedure, and is hereby carried with the case as asserted under the Sixth Amendment of the United States Constitution.

IT IS FURTHER ORDERED that trial will be scheduled to begin on April 2, 2007.

SO ORDERED this the 5th day of March, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE