```
      IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
              JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                          CRIMINAL NO. 3:06cr199–WHB–LRA

**WILSON ELLIS**

## OPINION AND ORDER

This cause is before the Court on Defendant's Motion to Dismiss Based on his Sixth Amendment Right to Present Witnesses ("Motion to Dismiss"). The Court has considered the Motion, Response, attachments to each, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

On March 17, 2004, Defendant was indicted on one count of health care fraud in violation of 18 U.S.C. § 1347, and nine counts of false statements relating to health care matters in violation of 18 U.S.C. § 1035. The charges arose from Defendant's alleged scheme to defraud Medicare by intentionally using inappropriate billing codes when seeking payment for chelation services provided at his clinics. On December 5, 2005, Defendant filed a motion seeking to continue his criminal trial. The continuance was requested because Dr. Carlos Garcia ("Garcia"), a doctor who

provided, and successfully billed Medicare for, chelation therapy at a clinic in Florida had allegedly expressed a willingness to assist Defendant as an expert in the case, but was unavailable for that purpose during the month of December.

On or about December 6, 2005, Lynn Melear ("Melear"), a special agent for the Office of Inspector General ("OIG") of the Department of Health and Human Services ("HHS") learned that Defendant was contemplating using Garcia as an expert witness. See Attachment to Resp. to Mot. to Dismiss, Melear Affidavit, at ¶ 1. Thereafter, Melear contacted her supervisor requesting information regarding Garcia, and was told that he was the subject of an open criminal investigation by the OIG/HHS in the State of Florida. Id., at ¶ 1. The following day, Melear contacted an OIG agent in Florida and was advised that Garcia was being investigated because of his alleged "active, fraudulent billing of Medicare in the State of Florida for chelation therapy," and that agents were in the process of executing a warrant to search Garcia's premises. Id. at ¶ 3. According to Defendant, hundreds of patient files were confiscated during the search.

The initial Indictment filed against Defendant was dismissed, without prejudice, on December 21, 2005. On November 20, 2006, Defendant was re-indicted on one count of health care fraud in violation of 18 U.S.C. § 1347, and twenty-four counts of false statements relating to health care matters in violation of 18

U.S.C. § 1305, arising from the alleged scheme to defraud Medicare. Defendant contends that in the present case, "Garcia's willingness to cooperate as an expert and assist counsel in trial preparation has changed drastically" and he cannot now be relied upon as an expert witness.  See Mot. to Dismiss, 2-3.  Based on the alleged "chilling effect" caused by the search of Garcia's offices, Defendant seeks dismissal of the current indictment under the Fifth and Sixth Amendments to the United States Constitution.

## II.  Legal Analysis

Defendant seeks dismissal of his criminal indictment alleging violations of his rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution.  See Mot. to Dismiss, 3 (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)).  The United States Supreme Court has recognized that "[u]nder the Sixth Amendment, a criminal defendant has the right to present witnesses to establish his defense without fear of retaliation against the witness by the government."  United States v. Dupre, 117 F.3d 810, 823 (5th Cir. 1997) (citing Webb v. Texas, 409 U.S. 95, 98 (1972)). Courts have also recognized that "substantial governmental interference with a defense witness' choice to testify may violate the due process rights of the defendant."  Id. (quoting United States v. Whittington, 783 F.2d 1210, 1219 (5th Cir. 1986)).  As

explained by the United States Court of Appeals for the Fifth Circuit:

> Th[e] right "to present witnesses to establish a defense" is specifically found in the sixth amendment right to compulsory process. Washington v. Texas, 388 U.S. 14 (1967). However, in Washington v. Texas, the Supreme Court held that the right was so fundamental to a fair trial that it was incorporated in the Due Process Clause of the fourteenth amendment. Id. Cases, since then, have been based on due process rights without reference to the sixth amendment. E.g. Webb v. Texas, 409 U.S. 95 (1972); United States v. Henricksen, 564 U.S. 197 (5th Cir. 1977). We will likewise refer to this right as a due process right.

United States v. Hammond, 598 F.2d 1008, 1012 n.3 (5th Cir. 1979). See also Washington, 388 U.S. at 19 ("Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of the law."). In order to show that the government has infringed upon a criminal defendant's due process rights, the defendant must establish that "the government's conduct interfered substantially with a witness's free and unhampered choice to testify." United States v. Thompson, 130 F.3d 676, 686 (5th Cir. 1997) (citations omitted). "Under certain circumstances, intimidation or threats that dissuade a potential defense witness from testifying may infringe a defendant's due process rights." United States v. Pinto, 850 F.2d 927, 932 (2nd Cir. 1988).

In the case *sub judice*, Defendant argues that by searching Garcia's offices and confiscating his files, the Government

4

violated his right to present witnesses to establish a defense to the charges against him. See Mot. to Dismiss 3-4 (arguing: "[T]he effect of the federal government's execution of the search warrant on the day after the defense named Dr. Garcia as its prospective expert witness is clear: The defense is no longer able to have the benefit of this witness' cooperation."). The record shows, however, that on the date Garcia was identified as a potential expert witness, he was already the subject of an open criminal investigation in the State of Florida. See Attachment to Resp. to Mot. to Dismiss, Melear Affidavit, ¶ 1. The record also shows that on the date the OIG in Florida was contacted for information regarding Garcia, the "search warrant was already in the execution stage for the premises of Dr. Garcia as part of their ongoing investigation." Id. at ¶ 3. As the record clearly establishes that the criminal investigation of Garcia was not prompted by his having been identified as a potential expert witness on behalf of Defendant, and as there is no evidence that Garcia was harassed or threatened by the Government because of his willingness to testify, the Court finds that Defendant has failed to establish a violation of his due process rights. See Dupre, 117 F.3d at 823 (finding "no due process violation exists 'so long as the investigation of witnesses is not prompted by the possibility of the witnesses testifying, and so long as the government does not harass or threaten them.'") (quoting Whittington, 783 F.2d at 1219-20). See

5

also <u>United States v. Fricke</u>, 684 F.2d 1126, 1130 (5th Cir. 1982) (finding no due process violation in a case in which the defendant failed to show that the government's investigation of potential witnesses was unjustified or that it was "prompted by the possibility that they might testify for the defense."). Accordingly, the Court finds that the subject Motion to Dismiss should be denied.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss {Docket No. 15] is hereby denied.

SO ORDERED this the 9th day of April, 2007.

<u>s/ William H. Barbour, Jr.</u>  
UNITED STATES DISTRICT JUDGE